NOT DESIGNATED FOR PUBLICATION

No. 128,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON FRANCIS KOSTELAC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Opinion filed August 1, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Jason Francis Kostelac appeals the district court's failure to follow a plea agreement and the imposition of his sentences. Kostelac moved for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. We granted his motion and, after review, affirm the district court.

The State charged Kostelac with one count of felony fleeing or attempting to elude a police officer, a severity level 9 felony; reckless driving, an unclassified misdemeanor; and a registration violation, an unclassified misdemeanor. The State later amended its

1

complaint to remove the registration violation and amended the fleeing or attempting to elude to a class B misdemeanor.

On May 24, 2024, the parties announced that a plea agreement had been reached. Under the agreement, Kostelac would enter a no-contest plea to both counts, and the State would not oppose Kostelac's motion for a departure to probation. Before accepting the plea, the district court informed Kostelac it was not a party to the plea agreement, and it did not have to follow any sentencing recommendations the parties made. Kostelac acknowledged the court had the ability to sentence him to any lawful sentence. The district court informed Kostelac of the maximum sentence for both charges. Kostelac pled no contest to both charges.

Sentencing occurred on June 28, 2024. The State recommended 6 months in jail for misdemeanor fleeing and eluding, and 30 days in jail, with a $100 fine, for misdemeanor reckless driving. The State recommended suspending the sentences to 12 months' supervised probation. Kostelac agreed with the State's recommendations.

The district court stated it did "not view fleeing or eluding very lightly." It noted Kostelac was alleged to have driven more than 100 miles per hour and said it found that "intolerable in a civilized society." For misdemeanor fleeing and eluding, the district court sentenced Kostelac to six months in the Leavenworth County Jail. It imposed a 90-day jail sentence for reckless driving and ran the sentences consecutive. The court ordered Kostelac to pay a $200 fine for each offense.

Kostelac appealed.

Kostelac argues the district court erred when it chose not to follow the plea agreement. He also argues the district court erred in sentencing him to the lengths of

sentences it imposed. Finally, Kostelac argues the district court erred in running his two sentences consecutive instead of concurrent.

Kostelac pled no contest to fleeing or attempting to elude a police officer, a class B misdemeanor. See K.S.A. 8-1568(c)(1)(A). For a class B misdemeanor, the sentence "shall be a definite term of confinement in the county jail which shall be fixed by the court and shall not exceed six months." K.S.A. 21-6602(a)(2). In addition, under K.S.A. 21-6611(b)(2), a person convicted of a class B misdemeanor "may be sentenced to pay a fine" which cannot exceed $1,000.

Kostelac also pled no contest to reckless driving. Under K.S.A. 8-1566(b), for a first conviction, "a person shall be sentenced to not less than five days nor more than 90 days imprisonment or fined not less than $25 nor more than $500, or both such fine and imprisonment."

Neither of Kostelac's sentences exceeded the statutory limits. For fleeing or eluding, Kostelac was sentenced to six months' imprisonment in the county jail and fined $200. And for reckless driving, the district court sentenced Kostelac to 90 days in jail and fined him $200. "Provided the sentence imposed is within the statutory limits, '"[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion . . . .'"" *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Both Kostelac's jail sentences and fines were within the statutory limits.

Sentencing recommendations made by the parties under a plea agreement are not binding on the district court. *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014). Absent an abuse of discretion, a lawful sentence will not be disturbed on appeal. *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). And a district court has discretion to

determine whether a sentence should be run consecutive or concurrent. *Mosher*, 299 Kan. at 2. Kostelac has not shown the district court abused its discretion.

Affirmed.